Weldon, J.,
delivered the opinion of the court.
This is an action, to recover for the use of certain premises in the city of Washington, occupied by the defendant as the city post-office.
. On the 25th of September, 1879, the Postmaster-General, the chairman of Committee of Public Buildings and Grounds of the Senate, the chairman of Committee of Public Buildings and Grounds of the House of Bepreseutatives, and the plaintiffs exécuted a lease for said premises, as set forth in finding one.
By the stipulations of the lease the term commenced in fact od the 15th day of November, 1879, and continued for the space *129 of five years at an annual rental of five thousand dollars. The lease provides for the occupation upon the part of the defendants of the basement, first, and second floors of tbe premises. During the term of said lease the defendants occupied three rooms in the third story at an agreed rental of $90 a quarter, which rent was paid to June 30, 1888. Possession of the premises was taken on the 15th of November, 1S79, and the five years provided for in the lease expired on the 15th of November, 1884; but the defendants continued in the possession until the bringing of this suit.
The defendants have paid for the leased property at the rate of $5,000 per annum until the first of July, 1888, and also for the three rooms occupied by them in the third story. On Nov. 30th, 1886, the claimants notified the postmaster of the city of Washington, that after the 31st-day of December, 1886, the rent of the property would be at the rate of $8,000 per an-num, as shown by finding two. Since the date of the lease in 1879, rents in the city of Washington in that vicinity have materially advanced, and from Jany. 1st, 1887, to the 30th day of June, 1888, the findings show that the property embraced in the lease was worth an annual rental of $8,000.
On January 1,1883, the defendants took possession of two other rooms, in the third story of the building occupied by the post-office, and continued to use them from that time until the 30th of June, 1888, at which time, the said property became the common property of claimants and Alexander H. Semmes. The said rooms during said time were worth the sum of $25 per month. The contention of law relates to two charges. As to the rental value of the demised property after the first day of January, 1887, to the 30th of June, 1888, and the unpaid rent of the two rooms in the third story.
It is insisted by the counsel for the defendants that for the demised premises for said time there can be no recovery in this proceeding. To sustain that theory our attention is called to the following provisions of statutes :
“ It shall not be lawful for any department of the Government to expend in any one fiscal year any sum in excess of appropriations made by Congress for that fiscal year, or to involve the Government in any contract for the future payment of money in excess of such appropriations. {Rev. Stats., § 3679.)
“ No contract or purchase shall hereafter be made, unless the same be authorized by law or be under an appropriation *130 adequate to its fulfillment, except in the War and Navy Departments, for elotiling', subsistence, forage, fuel, quarters, or transportation, which, however, shall not exceed the necessities of the current year. (Rev. Stat., § 3732.)
“ Hereafter no contract shall be made for the rent of any building or part of any building, to be used for the purposes of the Government in the District of Columbia, until an appropriation therefor shall have been made in terms by Congress, and that this clause shall be regarded as notice to all contractors or lessors of any such building or any part of building.” (Act of 1877, March 3, ch. 106,19 Stat. L., 363,370, and 1 Supplement to Rev. Stat., p. 289.)
These provisions undoubtedly apply to express contracts, and prohibit the making of such contracts except as therein provided. They have no application to that class of implied contracts which arise from the acts of public officers, in the performance of their duties, in carrying on the business of the Government intrusted to them by law in their respective spheres.
The Postmaster-General is required by statutes “To superintend generally the business of the Department, and to execute all laws relative to the postal service ” (Rev. Stat., § 396, par. 9.) Again, he is required to “ establish post-offices at all such places or post-roads established by law as he may deem expedient.” (Rev. Stat., § 3829.)
It can not be doubted that the Postmaster-General has authority to establish a post-office in the city of Washington, and to provide a place for conducting the business of the office.
While no contract that he can make for the use of a building would be binding on the Government, as to the time of occupying or price to be paid, or any other matters whatever, he may undoubtedly take possession of any building, suitable and necessary for the exigencies of the office, and leave the owner to his remedy in the courts for compensation on an implied assumpsit, which would arise under the Constitution whenever private property as such is taken for public use.
The Bradley Case (13 C. Cls., R. 166; 98 U. S., 104), affirmed on appeal relied upon by defendants, is wholly unlike the present one. In that case there was a lease made for three years, containing the following clause:
“ And it is hereby mutually understood and agreed, by and between the parties hereto, that this lease is made subject to *131 an appropriation by Congress for the payment of tbe rental herein stipulated for, and that no payment shall be made to said party of the first part on account of such rental until such appropriation shall be available, and that as soon as practicable alter such appropriation shall become available the arrears of the rent then due shall be paid in full, and thereafter payment shall be made at the times and in the manner hereinbefore stipulated.”
Congress appropriated money to make payment for the first two years, in conformity with the terms of the lease, but without reference thereto. More than three months before the end of the second year Congress appropriated a less sum for the nest year’s rent, and directed the Postmaster-General to deliver up the possession of the premises at the end of the second year to the lessor upon demand. The lessor never did demand the premises, and it was held that he accepted the terms offered by Congress.
Since the first day of January, 1887 (that being the time from which the claimants date their right of recovery) the defendants have held the leased property against the demand of the claimants without any express contract as to tenure or compensation. The Postmaster-General has not violated any statute, because he has not attempted, since the execution of the contract made in September, 1879, to lease any the premises for the use of and occupation of the Department. We do not hold that the failure to vacate the premises as demanded in the communication of November 30, 1886, created an express contract and subjected the defendants to the payment of the sum of $8,000 from the first of January, 1887; but we find that the rental value of the premises, from that time until the 30th of June, 1888, was worth at the rate of $8,000 per annum.
It is shown in the seventh finding that the defendants occupied two rooms in the third story, with a rental of $25 per month; that such oecujration continued from the 1st day of January, A. D. 1883, to the 30th of June, 1888, when Alexander H. Semmes acquired an interest in the property. For such use and occupation during said time, excluding what is embraced in the statute of limitations, the rent amounts to the sum of $1,512, which, being added to the amount due for the use and occupation of the demised premises, amounts to the sum of $6,012; and for that amount a judgment is ordered.
Dayxs, J., did not sit in this case.